IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD E. ADAMS, AE8144, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> GARY SWARTHOUT, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 12-6238 CRB (PR) <br><br> ORDER OF DISMISSAL <br><br> (Docket # 2) |

        Petitioner, a state prisoner currently incarcerated at California State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from the San Mateo County Superior Court. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

        Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Petitioner has not done so. He has not presented the Supreme Court of California with an opportunity to consider and rule on his federal claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir.

1995) (Supreme Court of California must be given at least one opportunity to review state prisoners' federal claims).

The petition for a writ of habeas corpus under § 2254 is DISMISSED without prejudice to refiling after state judicial remedies are exhausted. But based solely on his affidavit of poverty, petitioner's request (docket # 2) to proceed in forma pauperis under § 1915 is granted.

The clerk is instructed to enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  April 18, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Adams, C.12-6238.dismissal.wpd

2